# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GARY A. COOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05CV1252(DDN) |
| | ) |
| AL LUEBBERS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Gary A. Cooks, an inmate at the Farmington Correctional Center, for leave to commence this action without payment of the required filing fee. I find that Cooks does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.82. See 28 U.S.C. § 1915(b)(1). Furthermore, because Cooks admits in his complaint that he has failed to exhaust his remedies under the prison grievance system, I find that the complaint is legally frivolous and should be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess

and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Cooks has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). The statement shows an average monthly deposit of $14.08, and an average monthly account balance of $12.47. This shows that he has insufficient funds to pay the entire filing fee. Accordingly, I will assess an initial partial filing fee of $2.82, which is 20 percent of Cooks' average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Cooks seeks injunctive and monetary relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He names Al Luebbers, Unknown Ahmed, Unknown Atwell, Unknown Miller, Unknown Daniel, Unknown Sneed, Unknown Parwatikan, and Unknown Weitl as defendants. Cooks claims: (1) that he is being forcibly medicated; (2) that he has been given false conduct violations; and (3) that he has been placed in disciplinary segregation from time to time.

**Discussion**

Cooks filed his complaint on the Court-provided form entitled "Complaint under the Civil Rights Act, 42 U.S.C. § 1983." See E.D. Mo. L.R. 2.06(A).[1] On page three of the form complaint, prisoner litigants are asked: "Have you presented through the grievance system the facts which are at issue in this complaint?" Plaintiff checked the "no" box. See Plntf. Complaint p. 3, para. B. The form complaint goes on to ask "if your answer . . . is NO, explain why you have not used the institutional grievance system." In response, Cooks stated "because it is not mandatory by law." See Plntf. Complaint, p. 3, para. D. Thus, the face of the complaint shows that plaintiff has not exhausted his administrative remedies because he believes exhaustion is not required.

The Prison Litigation Reform Act (PLRA) requires exhaustion of prison grievance procedures before an inmate may file suit: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(h).

---

[1] Local Rule 2.06(A) provides that: "[a]ll actons brough by pro se plaintiffs or petitioners should be submitted or filed on Court-approved forms where applicable. If an action is not submitted or filed on a Court-approved form, the Court, in its discretion, may order the pro se plaintiff or petitioner to file or submit the action on a Court-provided form."

The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Cooks' claims each fall within the category of "prison life" within the meaning of § 1997e(h). Therefore, contrary to Cooks' assertion, exhaustion is required for each of his claims under § 1997e(h).

Exhaustion of administrative remedies under the PLRA is an affirmative defense and the failure to exhaust does not deprive the court of subject-matter jurisdiction. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005); see also Guerra v. Kempker, 134 Fed. Appx. 112 (8th Cir. June 17, 2005); Harris v. Kemna, 2005 WL 3159569, No. 05-2746 (8th Cir. Nov. 29, 2005)(unreported slip op.). Furthermore, a prisoner litigant asserting "prison life" claims is not obligated to plead exhaustion in order to survive §1915(e)(2)(B) review. Nerness, 401 F.3d at 876. Accordingly, had plaintiff's complaint been unclear or silent on the question of exhaustion, this Court would conclude that pre-service dismissal of plaintiff's complaint under § 1915(e)(2)(B) for failing to exhaust his administrative remedies would not be appropriate.

Cooks's complaint, however, is not silent regarding exhaustion. Instead, he has affirmatively alleged that he has failed to exhaust his remedies under the prison

grievance system because he does not believe he has to do so. I believe that under these circumstances it is proper to dismiss the case as frivolous. In Myers v. Vogal, 960 F.2d 750 (8th Cir. 1992), the Eighth Circuit held that even though the statute of limitations is an affirmative defense, a district court may dismiss an in forma pauperis complaint under 28 U.S.C. § 1915(d) "when it is apparent that the statute of limitations has run." The Circuit has followed this decision in a series of unreported cases affirming preservice dismissal where the complaint makes clear that the statute of limitations has run. See e.g., Denoyer v. Dobberpuhl, 208 F.3d 217 (table case), 2000 WL 199764 (8th Cir. Feb. 18, 2000); Hill v. Iowa, 89 F.3d 840 (table case), 1996 WL 222009 (8th Cir. May 3, 1996); Hammond v. Delano, 69 F.3d 541 (table case), 1995 WL 654133 (8th Cir. Nov. 8, 1995).

Nerness did not overrule Myers. I conclude that the same rule should apply to the affirmative defense of exhaustion as applies to the affirmative defense of expiration of the statute of limitations. If the complaint affirmatively shows that the prisoner has not exhausted, the case should be dismissed as frivolous. If the complaint is silent or ambiguous, as was the case in both Nerness and Guerra, then the case may not be dismissed before service. This result reconciles the apparent conflict between Nerness and Myers. Dismissal for failure to exhaust is also, of course, proper on a motion to dismiss or motion for summary judgment.

See, e.g., O'Neal v. Correctional Medical Services, 2005 WL 2674944 (E.D. Mo. Oct. 20, 2005); Parker v. Moore, 2005 WL2406016 (E.D. Mo. Sept. 28, 2005).

Additionally, this result is consistent with the decisions of other federal circuit courts that have concluded that pre-service dismissal may be appropriate when it is obvious either from the face of the complaint or from court records that an affirmative defense will necessarily defeat the claim.  See e.g., Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (statute of limitations); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (statute of limitations); Clark v. Georgia Pardons & Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990)(discussing types of affirmative defenses that are obvious from complaint and would support frivolity dismissal); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990) (limitations and res judicata); Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987) (waiver); Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)(court may dismiss an action as frivolous where a "defense is complete and obvious from the face of the pleadings or the court's own records").  I am persuaded that this result does not violate the policy underlying Rule 8(c) of the Federal Rule of Civil Procedure -- which requires a defendant to plead the affirmative defense -- because the plaintiff's in forma pauperis complaint itself sets out facts plainly demonstrating the merits of the affirmative defense.

## Conclusion

Neress, when read in conjunction with Myers, does not revoke the authority of a district court to dismiss a complaint prior to service of process under the very limited circumstances involved here -- where the complaint itself sets out facts plainly demonstrating the merits of the affirmative defense. Because Cooks' complaint plainly demonstrates that he has failed to exhaust his remedies under the prison grievance system, I will dismiss it as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.82 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2005.